UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| BRUNSWICK RECORDS CORP., a Foreign Corporation, and EXUMA MUSIC PUBLISHING, LLC, a Florida limited liability company, | : : : : |
| Plaintiff, | : Case No. 21-cv-23580(RKA)(LMR) : |
| -against- | : : |
| LASTRADA ENTERTAINMENT COMPANY LTD., d/b/a LASTRADA MUSIC, and STEPHEN MOELIS | : : : : |
| Defendants. | : : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## **DEFENDANTS' MOTION TO DISMISS**

Defendants Lastrada Entertainment Company, Ltd. d/b/a Lastrada Music ("Lastrada") and Stephen Moelis pursuant to Rule 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure move the Court to dismiss the Complaint (ECF 1) (the "Complaint") filed by Plaintiffs Brunswick Records Corp. a Foreign Corporation ("Brunswick"), and Exuma Music Publishing, a Florida limited liability company ("Exuma") for failure to state a claim and lack of personal jurisdiction. Defendant Stephen Moelis additionally moves to dismiss the Complaint pursuant to Rule 12(b)(5) for insufficient service of process.

## INTRODUCTION

Plaintiffs have wrongly filed this action in the Southern District of Florida against a New York business and its President, who have no contacts with Florida. Defendant Lastrada Entertainment Co., Ltd., ("Lastrada") is a New York corporation with its principal place of business in New York since it was formed 35 years ago. Moelis Decl. ¶¶ 3-4. Lastrada's President is a resident of New York and has been to Florida two times in the last 20 years to visit a family member and take his children to Disney World. Moelis Decl., ¶ 27. The Complaint makes no allegation concerning any infringing conduct by Lastrada or Moelis with respect to the specific copyrights at issue, *Bounce, Rock, Skate, Roll* ("*Bounce*") in Florida. Accordingly, this action should be dismissed for lack of personal jurisdiction over the defendants, Lastrada and Moelis. Moreover, Plaintiffs failed to serve Moelis and the Complaint should be dismissed as to Moelis on this basis alone. Finally, the Complaint falls woefully short of stating a claim for copyright infringement and must be dismissed in its entirety.

## POINT I
## FAILURE TO STATE A CLAIM

Plaintiffs have failed to plead a claim for copyright infringement concerning *Bounce*. At a minimum, "to state a claim for copyright infringement, [plaintiff] must plausibly allege two things (1) that it owns a valid copyright in the Subject Work; and (2) that Defendants copied [it[." *Malibu Textiles, Inc. v. Label Lane International, Inc.*, 922 F.3d 946, 951 (9th Cir. 2019); *Scholz Design, Inc. v. Sard Custom Homes, LLC*, 691 F.3d 182, 186 (2d Cir. 2012). The word "copying" is shorthand for the infringing of any of the copyright owner's five exclusive rights' "

enumerated in 17 U.S.C. § 106.[1] *Arista Records, LLC v. Doe 3,* 604 F.3d 110, 117 (2d Cir.2010) (quoting *A & M Records, Inc. v. Napster, Inc.,* 239 F.3d 1004, 1013 (9th Cir.2001)); *LeGrand v. Real Solutions Corp.*, 20o5 WL 2663454 *5 (M.D.Fla 2005).

      Further, Rule 8(a)(2) has been construed to require a plaintiff to plead with specificity the acts by which a defendant has committed copyright infringement. A "properly plead [sic] copyright infringement claim must allege ... by what acts during what time the defendant infringed the copyright." *Marvullo v. Gruner & Jahr*, 105 F.Supp.2d 225 (S.D.N.Y. 2000)(citing *Kelly v. L.L. Cool J.,* 145 F.R.D. 32, 36 (S.D.N.Y.1992). It must set out the "particular infringing acts ... with some specificity. Broad, sweeping allegations of infringement do not comply with Rule 8." *Marvullo* at 36 n. 3 (citation omitted). "A properly plead[ed] copyright infringement claim must allege 1) which specific original works are the subject of the copyright claim, 2) that plaintiff owns the copyrights in those works, 3) that the copyrights have been registered in accordance with the statute, and 4) by what acts during what time the defendant infringed the copyright." *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992); See *Signatours Corporation v. Hartford*, 2015 WL 12030057, *2 (W.D.Wash 2015)(motion to dismiss granted because "Plaintiff must identify the time period in question and what photographs allegedly infringed its copyright, both of which it has failed to allege.")

      Here, Plaintiffs have failed to state a claim for copyright infringement (Counts I and II). A copyright owner must allege a violation of one the exclusive rights enumerated in Section 106. Nothwithstanding Plaintiffs broad sweeping allegations that Defendants "engaged in acts of copyright infringement upon the Work" (Cmplt., ¶ 31), Plaintiffs do not allege any actual

---

[1] The exclusive rights enumerated in Section 106 of the Copyright Act are: (1) reproduction; (2) preparation of derivative works; (3) distribution; (4) public performance; (5) public display; (6) performance of sound recordings by digital transmission.

infringing conduct in the Complaint. For example, there is no allegation in the Complaint that Defendants Lastrada or Moelis reproduced or distributed Bounce, in violation of 17 U.S.C. §106(1), (3), let alone in the Southern District of Florida. The sole allegations concerning copyright infringement of the musical composition and sound recording at issue, *Bounce, Rock, Skate, Roll* ("*Bounce*") are as follows:

> Lastrada has been <u>falsely representing</u> to various third-parties in the music industry (like iTunes, Amazon, Google, Spotify and BMI and others) that: a) Lastrada owns the copyright to the composition to the Work; (b) Brunswick does not have any rights to exploit or assign and sub-license the right to distribute the Master Recording copyright to the Work; and c) Exuma (and its predecessors) do not own exclusive rights to the composition copyright to the Work. (¶ 22).
>
> Lastrada has further <u>wrongfully claimed</u> to be partial owner of the composition copyright to the Work on various websites (¶ 23)
>
> In light of Lastrada's <u>false representations</u> and as further set-forth below, many of these third-parties (including Amazon and Spotify) have removed Plaintiffs' Master Recordings from their platforms, and certain licensees and performing rights organizations, such as BMI have <u>wrongfully paid monies</u> belonging to Plaintiffs to Defendant, Lastrada, causing Plaintiffs to suffer damages. ¶ 23)
>
> Lastrada and Moelis knowingly and intentionally made <u>false representations</u> to Brunswick's and Exuma's distributors in violation of Plaintiff's ownership rights in the Copyrights (¶ 32)
>
> Lastrada and Moelis intentionally and knowingly <u>induced third parties to pay monies</u> properly due to Plaintiffs to Lastrada. (¶ 33)

Cmplt, ¶¶ 22-23, 32-33. These allegations fall woefully short of pleading a claim for copyright infringement because Plaintiffs failed to plead any "unauthorized copying" by Defendants or any conduct that violates Section 106. *Malibu Textiles, Inc. v. Label Lane International, Inc.*, 922 F.3d 946, 951 (9th Cir. 2019) ; *Scholz Design, Inc. v. Sard Custom Homes, LLC*, 691 F.3d 182, 186 (2d Cir. 2012). The Complaint is hopelessly vague about which exclusive rights it contends the defendant have infringed, as well as when and how. *Kelly v. L.L. Cool J.,* 145 F.R.D. 32, 36

(S.D.N.Y.1992). Consequently, Plaintiffs' Complaint fails to allege not only what the alleged acts of copying were, but that any of them occurred within the three-year limitations period for bringing a claim of copyright infringement under 17 U.S.C. § 507; see *On Top Records Corp. v. Sunflower Entertainment Co.*, 2015 WL 13264222, * 3 (S.D.Fla 2015)("[t]he Court finds that Plaintiff's Complaint is deficient in alleging the acts of infringement within the statute of limitations.")(citing *Calhoun v. Lillenas Publishing*, 298 F.3d 1228, 1236 (11th Cir. 2002). Accordingly, the claim for copyright infringement should be dismissed for failure to state a claim for copyright infringement.

**POINT II**
**Plaintiffs Failed to Serve Defendant Stephen Moelis with Process**

The Complaint should be dismissed against defendant Stephen Moelis for insufficient service of process. As shown below, Plaintiffs waited 113 days to make their one and only attempt at serving Stephen Moelis by attempting service at his mother's house where he has not lived for 35 years. Moelis Decl., ¶¶ 27-28, Exh. 1 (ECF 14). Mr. Moelis' home address is publicly available in many sources including the White Pages. Plaintiffs' failure to serve Mr. Moelis is inexplicable given that before Plaintiff even attempted to service, Mr. Moelis offered to waive service under Rule 4 and Plaintiffs rejected this offer. Under these circumstances, Plaintiffs should not be given additional time to serve Mr. Moelis and he should be dismissed from the case.

**A.      Applicable Law**

"A plaintiff is responsible for serving the defendant with a summons and the complaint within the time allowed under Rule 4(m)[,]" that is, "within 120 days of the plaintiff filing the complaint." *Lepone–Dempsey v. Carroll County Comm'rs*, 476 F.3d 1277, 1280–81 (11th Cir.

2007); see also Rule 4(c)(1); Rule 4(m). "A defendant's actual notice is not sufficient to cure defectively executed service." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per curiam) (citation omitted); *Melchor-Garcia* at 1 ("[t]he service requirement is not satisfied merely because the defendant is aware that he has been named in a lawsuit or has received a copy of the summons and the complaint)" (internal citation omitted). It is the plaintiff's burden to show proper service of the complaint. *Melchor-Garcia v. Dong Ying Corp.*, 2012 WL 6553986, *1 (S.D.Fla 2012) (citing *Martin v. Salvatierra,* 233 F.R.D. 630, 631 (S.D.Fla.2005).

Pursuant to Federal Rule of Civil Procedure 4(e), service of process upon an individual may be effected either (1) pursuant to the law of the state in which the district court is located or in which service is effected, or (2) by delivering a copy of the summons and complaint to the individual personally or by leaving copies at that individual's place of abode with some person of suitable age and discretion residing at that residence, or to an authorized agent. *Martin v. Salvatierra,* 233 F.R.D. 630, 631 (S.D.Fla.2005).

Section 48.031, Florida Statutes (1997), provides in pertinent part:

> (1)(a) Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents.

§ 48.031(1)(a), Fla. Stat. (1997). Under Florida law, the "usual place of abode" means the place where the defendant is actually living at the time of service. *See Shurman v. Atlantic Mortgage & Inv. Corp.,* 795 So.2d 952, 954 (Fla.2001) (citations omitted). Statutes governing service of process are to be strictly construed to insure that a defendant receives notice of the proceedings; the burden of proving the validity of service of process is on the plaintiff. *See Anthony v. Gary J. Rotella & Assocs., P.A.,* 906 So.2d 1205, 1207 (Fla.Dist.Ct.App.2005) (citation omitted).

**B.      Plaintiffs Failed to Serve Stephen Moelis**

Plaintiffs never served Stephen Moelis with process. The affidavit of service identifies that service was purportedly made on January 5th, 2022 by delivering the summons and complaint to "Rita Moelis as Mother/Co-Resident at the address of 67 Prospect Avenue, Apt 2C, Hewlett, NY 11557, the within named person's usual place of Abode, who resides therein." Moelis Decl., ¶¶ 27-28, Exh. 1 (ECF 14).  While it is true that Rita Moelis is Stephen Moelis's mother, Stephen Moelis does not live with his mother and has not lived with his mother for more than 35 years. Moelis Decl., ¶ 28.  Stephen Moelis's mother has no authority to accept service of process on behalf of Stephen. Moelis Decl., ¶ 28.

**C.      Plaintiffs Failure to Serve Mr. Moelis is Without Good Cause**

There is no good cause for Plaintiffs' failure to serve Mr. Moelis and their failure to do so is inexplicable. Stephen Moelis' home address is publicly available, including in the White Pages. Moelis Decl., ¶ 27.  Further, this action was filed October 12, 2021 (ECF 1), and defendants waited 113 days to first attempt service on Mr. Moelis. Moelis Decl., ¶28, Exh. 1 (ECF 14). Finally, on December 28, 2021, Moelis, through his counsel, made an offer to waive service of process under Rule 4(d) to Plaintiff's counsel in order to have 60 days to respond as required by Rule 4(d)(3).  Levenson Decl., ¶ 2.  Plaintiffs' counsel rejected this offer and instead proposed that Moelis waive service and have 30 days to respond to the Complaint. Levenson Decl., ¶ 3, Exh. 2.  Plaintiffs attempted service days later at Moelis's mother's house. Levenson Decl., ¶ 3, Exh. 1 (ECF 14).  Plaintiffs' refusal to provide the time warranted under Rule 4(d)(3) and delay in service are unjustified, particularly, where Moelis was so reasonable. Mr. Moelis' involvement as a party is unnecessary in this action as any action he may have taken, whatever it might, was in his capacity as President of defendant Lastrada, and there is no allegation

otherwise. Moelis Decl., ¶ 19, 26.  Accordingly, under these circumstances, Defendant Moelis' motion to dismiss for insufficient service should be granted.

## POINT III

### THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS

As shown below, this Court lacks personal jurisdiction over Defendants Lastrada and Moelis because they lack sufficient contacts with Florida. The exercise of personal jurisdiction over these defendants by this Court would violate the Fourteenth Amendment's Due Process Clause.

**A.     APPLICABLE LAW**

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer,* 556 F.3d 1260, 1274 (11th Cir.2009). A defendant challenging personal jurisdiction must present evidence to counter the plaintiff's allegations. *Internet Solutions Corp. v. Marshall,* 557 F.3d 1293, 1295 (11th Cir.2009). Once the defendant has presented sufficient evidence, "the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents." *Id.* If the parties' evidence conflicts, a court must resolve inconsistencies in favor of the plaintiff. *Cable/Home Commc'n Corp. v. Network Prods., Inc.,* 902 F.2d 829, 855 (11th Cir.1990).

In federal-question cases, such as copyright or trademark infringement lawsuits, a federal district court must first ensure that it has personal jurisdiction over the defendant under the State's long-arm statute. *See id.* at 855–56. If it does, the court must then "analyze this long-arm jurisdiction under the due process requirements of the federal constitution." *Id.* at 857. A district court has jurisdiction over a Defendant if (1) jurisdiction is authorized by Florida's "long-arm"

statute; and (2) the exercise of jurisdiction over the defendant does not violate the Fourteenth Amendment's Due Process Clause. *Waite v. All Acquisition Corp.*, 2016 WL 2346743, *2 (S.D.Fla 2016)(citing *Mutual Serv. Ins. Co. v. Frit Indus., Inc.,* 358 F.3d, 1312, 1319 (11th Cir.2004); *see also Melgarejo v. Pycsa Panama, S.A.*, 537 Fed.Appx. 852, 860 (11th Cir.2013) ("the Due Process Clause imposes a more restrictive requirement than does Florida's long-arm statute.") (internal quotation omitted); *Venetian Salami Co. v. Parthenais*, 554 So.2d 499, 502 (Fla.1989) ("The mere proof of any one of the several circumstances enumerated in section 48.193 as the basis for obtaining jurisdiction of nonresidents does not automatically satisfy the due process requirement of minimum contacts.") (citing *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310 (1945)).

1. **Due Process Requirements For Minimum Contacts Under *Walden***

In *Walden v. Fiore*, 571 U.S. 277, 134 S.Ct. 1115 (2014) the Supreme Court "addresse[d] the 'minimum contacts' necessary to create specific jurisdiction." *Id*. at 134 S.Ct. at 1121. Under *Walden*, "[f]or a State to exercise jurisdiction consistent with due process, **the defendant's suit-related conduct must create a substantial connection with the forum State**." Id. at 1121–22 (emphasis added). Critically, in *Walden*, the Supreme Court held:

> mere injury to a forum resident is not a sufficient connection to the forum. The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way.

*Rautenberg v. Falz*, 2016 WL 931285, at *4 (Fla.Dist.Ct.App. Mar. 11, 2016) (citing *Walden*, 134 S.Ct. at 1125). Put another way, "[t]he relationship must arise out of contacts that the 'defendant himself' creates with the forum State." *Walden*, 134 S.Ct. at 1122 (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)) (emphasis in original).

2. **The Eleventh Circuit Applies a Three-Prong Test for Minimum Contacts To Satisfy Due Process Requirements**

The Eleventh Circuit has historically "applied a three-prong test for determining whether sufficient minimum contacts exist for the exercise of specific jurisdiction": "(1) the defendant must have contacts related to or giving rise to the plaintiff's cause of action; (2) the defendant must, through those contacts, have purposefully availed itself of forum benefits; and (3) the defendant's contacts with the forum must be such that it could reasonably anticipate being haled into court there." *Fraser v. Smith*, 594 F.3d 842, 850 (11th Cir.2010).

  **(i)**  **Defendant Must Have Contacts with Florida Related To Or Giving Rise to the Plaintiff's Cause of Action ("But-For Cause of the Tort")**

The first prong, "arising-out-of-or-relatedness," asks: is there any relationship between the defendant, the forum, and the lawsuit? *Louis Vuitton Malleteir, S.A. v. Mosseri,* 736 F.3d 1339, 1356. Put simply, "the defendant must have contacts related to or giving rise to the plaintiff's cause of action." *Fraser v. Smith,* 594 F.3d 842, 850 (11th Cir.2010). At a minimum, a plaintiff must show that the defendant had *some* contact with the forum state *and* that the contact was a but-for cause of the alleged tort. *Fraser v. Smith,* 594 F.3d 842, 850 (11th Cir.2010).

Applying the first prong of the three-part test, to determine whether the Plaintiff's claims arise out of or relate to one of the Defendant's contacts with Florida, the court looks at the ""affiliation between the forum and the underlying controversy," focusing on any "activity or ... occurrence that [took] place in the forum State." *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1313-1314 (11th Cir. 2018)(citing *Bristol-Myers Squibb Co. v. Superior Court*, 137 S.Ct. 1773, 1780, 198 L.Ed.2d 395 (2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S.Ct. 2846, 180 L.Ed.2d 796 (2011))). In the absence of such a connection, "specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in

the State." *Id.* at 1781. The Eleventh Circuit has held that a tort "**arise[s] out of or relate[s] to" the defendant's activity in a state** only if the activity is a "but-for" cause of the tort. *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1313-1314 (11th Cir. 2018) ("We are thus bound to apply the but-for causation requirement"); *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1222-23 (11th Cir. 2009)). At a minimum, a plaintiff must show that the defendant had *some* contact with the forum state *and* that the contact was a but-for cause of the alleged copyright violation. *Exist, Inc., Woodland Trading Inc.*, 2015 WL 881407, *2 (S.D.Fla 2015)(citing Fraser v. Smith, 594 F.3d 842, 850 (11th Cir.2010)("Since [Defendant] has not sold any of the allegedly infringing garments to its sole Florida customer, [Plaintiff] cannot establish that [Defendant's] contacts with Florida are a but-for cause of the copyright violation.)

        **(ii)**       **Purposeful Availment**

"The test [for purposeful direction], often referred to as the 'effects' test, derives from [the Supreme Court's decision in] *Calder v. Jones*, 465 U.S. 783 (1984). A defendant has "purposefully directed" its activities to a particular district only where the defendant has: "(1) committed an intentional act, (2) expressly aimed at the forum state; (3) causing harm that the defendant knows is likely to be suffered in the forum state."

        **(iii)**      **Fair Play and Substantial Justice**

The third prong of the Due Process analysis—fair play and substantial justice—asks several questions: (1) what is the burden on the defendant?; (2) what is the forum's interest in adjudicating the dispute?; (3) what is the plaintiff's interest in obtaining convenient and effective relief?; and (4) what is the judicial system's interest in resolving the dispute? *Louis Vuitton,* 736 F.3d at 1358.

## ARGUMENT

### A.   Defendants Do Not Have *Any* Contacts With Florida

The Complaint contains absolutely no allegation that Defendants have had any contact with Florida concerning the *Bounce* copyrights. Nor could it. Defendant Lastrada is a New York corporation with a principal place of business in New York for the last 35 years. Moelis Decl., ¶ 3. Lastrada does not distribute or sell any recordings in Florida. Moelis Decl., ¶¶ 18-19. Lastrada and Moelis do not conduct any business in Florida, do not have bank accounts, attend conferences, do not solicit business, or market or advertise in Florida, and do not maintain any property or assets in Florida. Moelis Decl., ¶¶ 6-22. Defendant Stephen Moelis's only contact with Florida in the last twenty years was visiting a family member in Florida. Moelis Decl., ¶ 21. Plaintiffs have cannot show any evidence, and have not even alleged, that Defendants have "had some contact with Florida *and* that the contact was a but-for cause of the copyright violation" as they are required to do to establish personal jurisdiction. *Exist, Inc., Woodland Trading Inc.*, 2015 WL 881407, *3 (S.D.Fla 2015)(*Fraser v. Smith*, 594 F.3d 842, 850 (11th Cir.2010).

### B.   Defendants Have Not Purposefully Availed Their Activities At Florida

Here, Defendants have not purposefully availed their activities at Florida because Defendants have not aimed *any activities* at Florida. Defendants did not know that Plaintiffs purport to be located in Florida. Moelis Decl., ¶¶ 23-26. First, Plaintiff Brunswick is not a Florida corporation. Cmplt., ¶ 1 (ECF 1). While the Complaint identifies Brunswick's principal place of business as located in Miami-Dade Florida (Cmplt., ¶ 1 (ECF 1)., Brunswick's website and Facebook page lists its contact information as 157 E. Franklin St., Suite 5, Chapell Hill, North Carolina with telephone number (984) 999-4191 which is a North Carolina area code.

Levenson Decl., ¶¶ 4-5, Exh. 3-4.² It is unclear how Brunswick can claim in good faith that it is located in Florida, but more critically how Defendants would know that Brunswick claims its principal place of business is in Florida.

Second, the last time Defendants had any dealings with Plaintiff Exuma was an audit in 2001 at Plaintiffs' predecessor-in-interest's office in New York concerning *Bounce*. Moelis Decl., ¶ 23. The last address Defendants have on file for Plaintiff Exuma is in correspondence from 2002 which indicated that Exuma's predecessor, Tarnopol Music, Inc. ("TMI") (Cmplt ¶ 15) had offices in New York. Moelis Decl., ¶ 25, Exh. 6. Defendants could no purposeful avail their activities in this case sufficient to subject them to personal jurisdiction in Florida because Defendants had no idea that Plaintiff Exuma was located in Florida.

Finally, Defendants have not directed any activity at Florida, particularly concerning the copyrights at issue for *Bounce*. Defendants have never reproduced or distributed the *Bounce* copyrights in Florida and other than a one license issued 20 years ago (during which time Plaintiffs were located in New York) Lastrada has never licensed *Bounce* to any Florida entity. Moelis Decl., ¶¶ 24-26, Exh. 5. Further, Lastrada does not receive royalties from any Florida entity concerning Bounce. Moelis Decl., ¶¶ 19, 24.

**C.     Personal Jurisdiction Does Not Comport With Fair Play and Substantial Justice**

The exercise of personal jurisdiction over defendants Lastrada and Moelis does not comport with fair play and substantial justice given that they have absolutely no connection to Florida at all. The burden on Lastrada and Moelis in having to defend this lawsuit in Florida would be significant. Litigation and trial in Florida would be disruptive to Defendants' business in New York as it is a small, family run business operated by two brothers in New York. Moelis

---

² https://brunswickrecords.com/contact/

Decl., ¶ 5. Lastrada's two employees, Stephen and his brother Larry, live in New York and New Jersey, and all witnesses and relevant documents would necessarily be located in New York. Moelis Decl., ¶ 5. None of the non-party witnesses identified by Plaintiffs in the Complaint are located in Florida, i.e, Google, Spotify, BMI are located in New York, Apple is in California and Amazon is in Washington. Cmplt., ¶ 22.

Florida has a slight interest in adjudicating this dispute since Plaintiffs purport to now be in Florida (although this is not clear for Brunswick), "however since Plaintiff's claim is based upon a federal statutory right Florida's interest is less than if [Plaintiffs] were asserting a state-law tort." *Exist, Inc.*, at *4. Moreover, Florida has no interest in providing a forum to adjudicate claims allegedly inflicted by out-of-state defendants through out-of-state conduct. The only license for *Bounce* issued by Lastrada to a Florida entity was 20 years ago when Plaintiffs were located in New York, and regardless is barred the three-year statute of limitations under Section 507(b) of the Copyright Act. Moelis Decl., ¶¶ 24-25. *On Top Records Corp. v. Sunflower Entertainment Co.*, 2015 WL 13264222, * 3 (S.D.Fla 2015)("[t]he Court finds that Plaintiff's Complaint is deficient in alleging the acts of infringement within the statute of limitations.")(citing *Calhoun v. Lillenas Publishing*, 298 F.3d 1228, 1236 (11th Cir. 2002).

### D. Defendants Are Not Subject to General Jurisdiction in Florida

There is no basis for concluding that Defendants Lastrada and Stephen Moelis are subject to general jurisdiction in the Southern District of Florida. Lastrada is a New York corporation with its principal place of business in New York for the last 35 years and Moelis has had no contact with Florida in the last 20 years other visiting a relative and going to Disney World. There is neither substantial or continuous business activity by these Defendants in Florida as is necessary to establish general jurisdiction. See *Snow v. DirecTV, Inc.,* 450 F.3d 1314, 1318 (11th

14

Cir.2006) ("Florida courts have held the term 'substantial and not isolated activity' used in § 48.193(2) means 'continuous and systematic general business contact' with Florida.")

## Conclusion

Any exercise of personal jurisdiction over Defendants Lastrada and Moelis would violate their Due Process rights. None of the three prongs in the Eleventh Circuit's analysis for minimum contacts to satisfy Due Process support an exercise of jurisdiction. See *Exist, Inc.* at 5 ("It is not enough for Exist to meet one out of three prongs of the Due Process analysis."). Finally, there is no basis for subjecting Defendants to general jurisdiction in Florida. Accordingly, the Complaint should be dismissed.

THE LETO LAW FIRM
*Attorneys for Defendants Lastrada Entertainment Company, Ltd., and Stephen Moelis*

By:  */s / Matthew Leto*
_____
Matthew Leto
Florida Bar ID # 14504
melto@letolaw.com
201 South Biscayne Boulevard, #2700,
Miami, FL 33131
(305) 341-3555

SCHWARTZ, PONTERIO & LEVENSON, PLLC
*Attorneys for Defendants Lastrada Entertainment Company, Ltd., and Stephen Moelis*

By:  */s / Brian S. Levenson*
_____
Brian S. Levenson (admitted *pro hac vice*)
blevenson@splaw.us
134 West 29th Street - Suite 1001
New York, New York 10001
Telephone: (212) 714-1200

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing was filed on January 25, 2022 via CM/ECF and served on all counsel of record.

*/s/ Matthew P. Leto*
MATTHEW P. LETO