UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cv-23580-ALTMAN/Reid

**BRUNSWICK RECORDS CORP.**, *et al.*,

    *Plaintiffs,*

*v.*

**LASTRADA ENTERTAINMENT CO.,
LTD.**, *et al.*,

    *Defendants.*

_____/

**ORDER**

The Defendants filed a Motion to Dismiss [ECF No. 21] (the "Motion") the Plaintiffs' Complaint [ECF No. 1]. In their Response [ECF No. 8], the Plaintiffs ask us to transfer the case to the Southern District of New York "if this Court determines that it lacks personal jurisdiction[.]" *Id.* at 8. We referred the Motion to U.S. Magistrate Judge Lisette M. Reid. *See* Order of Referral [ECF No. 31]. Magistrate Judge Reid issued a Report and Recommendation [ECF No. 39] (the "R&R"), in which she determined that the Motion should be **GRANTED IN PART AND DENIED IN PART** and that the case should be **TRANSFERRED** to the Southern District of New York in accordance with 28 U.S.C. § 1406(a). Magistrate Judge Reid also warned the parties as follows:

> Objections to this Report may be filed with the district judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the district judge of anything in this Report and shall constitute a waiver of a party's "right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

*Id.* at 9. More than fourteen days have passed, and neither side has objected. Indeed, the Plaintiffs filed a Notice of Non-Objection [ECF No. 40].

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require *de novo* review only where objections have been properly filed—and not, as here, when no party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Having carefully reviewed the R&R, the record, and the applicable law, we find no clear error on the face of the R&R. Accordingly, we hereby **ORDER AND ADJUDGE** as follows:

1. The R&R [ECF No. 39] is **ACCEPTED and ADOPTED** in full.

2. The Motion to Dismiss [ECF No. 21] is **GRANTED IN PART AND DENIED IN PART**.

3. The Clerk shall **TRANSFER** this case to the Southern District of New York, pursuant to 28 U.S.C. § 1406(a), for a decision on the other arguments the Defendant advanced in the Motion to Dismiss.

4. The Clerk of our Court shall **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on December 23, 2022.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record